# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### CASE NO.:

| | |
|---|---|
| MARIAME PERRY,<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC,**<br><br>　　　　　**Defendant.** | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendant EQUIFAX INFORMATION SERVICES, LLC, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C §1681 *et seq.* and for the common law tort of defamation.

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C § 1681(p) and 28 U.S.C 1367.

3. The Plaintiff is a natural person and resident of the State of New York. She is a "consumer" as defined by 15 U.S.C § 1681 a(c).

## ALLEGATIONS AS TO PARTIES

4. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC ("Equifax") is a limited liability company formed under the laws of the State of Georgia and authorized to do business in the State of New York through its registered offices at the Corporation Service Company, 80 State Street, Albany, New York, 12207.

5. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C § 1681(d) to third parties.

6. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

8. On or about September 12, 2014, a judgment was entered against Plaintiff and for TSG Collections LLC., in the Supreme Court of the State of New York, County of Queens.

9. On or about April 23, 2015, said judgment against Plaintiff was vacated and thereby nullified. (Exhibit "A").

10. Sometime thereafter Plaintiff requested and received a copy of her credit file compiled and maintained by Equifax (the "Equifax credit report").

11. Within the Equifax credit report, Equifax reported that the judgment entered against Plaintiff and TSG Collections LLC., was still active.

12. The representation made by Equifax was false and misleading.

13. On or about August 5, 2015, Plaintiff sent correspondence to Equifax, requesting that Equifax correct and delete the erroneous representations on her credit file.

14. Equifax responded to Plaintiff's dispute letters, claiming the information was reported correctly (Exhibit "B").

15. Equifax continues to report the false representations on Plaintiff's credit file.

16. Upon the Plaintiff's request for verification and correction, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the judgment representation.

17. Furthermore, Equifax failed to contact the creditors and/or creditors' attorneys, and Equifax did not forward notice of the dispute to the creditors and/or creditors' attorneys.

18. Equifax failed to conduct a reasonable investigation by failing to analyze additional culminate additional information that would have confirmed Plaintiff's disputes.

19. As a result of Equifax's willful actions and omissions, Plaintiff has been damaged insomuch as Plaintiff has been denied for various financial products including, without limitation, a consolidation loan so that Plaintiff can obtain a better rate on her student loans.

20. As a result of Equifax's negligent actions and omissions, Plaintiff has been damaged insomuch as Plaintiff has been denied for various financial products including, without limitation, a consolidation loan so that Plaintiff can obtain a better rate on her student loans.

## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX

21. The Plaintiff realleges and incorporates ¶¶1-20 above as if fully set out herein.

22. Equifax willfully violated 15 U.S.C § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

23. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

24. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

25. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX

26. The Plaintiff realleges and incorporates ¶¶1-25 above as if fully set out herein.

27. Equifax willfully violated 15 U.S.C § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all

relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

28. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

29. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

30. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

## THIRD CLAIM FOR RELIEF AGAINST EQUIFAX

31. The Plaintiff realleges and incorporates ¶¶1-30 above as if fully set out herein.

32. Equifax violated 15 U.S.C § 1681e(b) by negligently failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

33. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

34. Equifax's conduct, action and inaction was negligent, entitling the Plaintiff to recover damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

35. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C §1681o.

## FOURTH CLAIM FOR RELIEF AGAINST EQUIFAX

36. The Plaintiff realleges and incorporates ¶¶1-35 above as if fully set out herein.

37. Equifax violated 15 U.S.C § 1681i on multiple occasions by negligently failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

38. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

39. Equifax's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

## FIFTH CLAIM FOR RELIEF AGAINST EQUIFAX
## EQUIFAX VIOLATED THE GENERAL OBLIGATIONS LAW OF THE
## STATE OF NEW YORK

40. The Plaintiff realleges and incorporates ¶¶1-39 above as if fully set out herein.

41. Equifax willfully violated NY GBS § 380-f by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

42. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

43. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to NY GBS § 380-l.

44. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to NY GBS § 380-l.

## SIXTH CLAIM FOR RELIEF AGAINST EQUIFAX

45. The Plaintiff realleges and incorporates ¶¶1-44 above as if fully set out herein.

46. Equifax willfully violated NY GBS § 380-f on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information

in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is un reliable.

47. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

48. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to NY GBS § 380-l.

49. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to NY GBS § 380-l.

## SEVENTH CLAIM FOR RELIEF AGAINST EQUIFAX

50. The Plaintiff realleges and incorporates ¶¶1-49 above as if fully set out herein.

51. Equifax violated NY GBS § 380-f by negligently failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

52. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

53. Equifax's conduct, action and inaction was negligent, entitling the Plaintiff to recover damages in an amount to be determined by the Court pursuant to NY GBS § 380-m.

54. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to NY GBS § 380-m.

## EIGHTH CLAIM FOR RELIEF AGAINST EQUIFAX

55. The Plaintiff realleges and incorporates ¶¶1-54 above as if fully set out herein.

56. Equifax violated NY GBS § 380-f on multiple occasions by negligently failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

57. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

58. Equifax's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to NY GBS § 380-m. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to NY GBS § 380-m.

## PRAYER FOR RELIEF

Plaintiff, Mariame Perry prays that this Court:

1. Declare that Defendant violated the FCRA;

2. Enter judgment in favor of Plaintiff Perry and against Defendant, for statutory damages as provided by the FCRA;

3. Enter judgment in favor of Plaintiff Perry and against Defendant for actual and punitive damages as provided by the FCRA;

4. Enter judgment in favor of Plaintiff Perry and against Defendant for costs and reasonable attorneys' fees as provided by the FCRA;

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mariame Perry, demands trial by jury.

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Dated: February 2, 2016

Attorney I.D.#AP-5508
40 Exchange Place, Suite 2010
New York, New York
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**